**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>SPIVACK, INC. d/b/a VERREE PHARMACY, MITCHELL SPIVACK, TODD GOODMAN, ERIC PESTRACK, LEE KAMP, and TWO MILLION NINE HUNDRED THOUSAND THREE HUNDRED FORTY TWO DOLLARS AND SIXTY CENTS IN UNITED STATES CURRENCY ($2,900,342.60),<br>Defendants. | Civil Action No. 22-343<br><br>Jury Trial Demanded |

**STIPULATED ORDER AND CONSENT JUDGMENT AS TO DEFENDANT SPIVACK, INC., DEFENDANT MITCHELL SPIVACK, AND DEFENDANT $2,900,342.60**

This Stipulated Order and Consent Judgment is entered into by and between the United States of America and Defendant Spivack, Inc. d/b/a Verree Pharmacy, Defendant Mitchell Spivack, and Defendant $2,900,342.60 (collectively, "the Parties").

**THE PARTIES**

1. The Plaintiff is the United States of America.

2. Defendant Spivack, Inc. d/b/a Verree Pharmacy (Verree) is a Pennsylvania corporate entity that is wholly owned by Mitchell Spivack. Verree was registered with the Pennsylvania pharmacy licensing board and the Drug Enforcement Administration (DEA) as a retail pharmacy authorized to purchase and dispense Schedule II-V controlled substances at 7960 Verree Road, Philadelphia, Pennsylvania.

3. Defendant Mitchell Spivack is an individual residing in Montgomery County, Pennsylvania. Spivack owned and managed Verree. He was registered with the Pennsylvania pharmacy licensing board as Verree's pharmacist-in-charge.

4. Defendant $2,900,342.60 (hereinafter "Defendant Currency") is proceeds traceable to moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. § 841, and property that constitutes or is derived from proceeds traceable to healthcare fraud in violation of 18 U.S.C. § 1347, to be paid by defendants Verree and Spivack to the United States Marshals Service pursuant to this Stipulated Order and Consent Judgment. The Defendant Currency is subject to civil *in rem* forfeiture and to be condemned to the use and benefit of the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 881(a)(6), and this Stipulated Order and Consent Judgment, and in accordance with Supplemental Rule G(2) for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions.

5. Defendant Verree and Defendant Spivack are collectively referred to as the "defendants."[1]

**RECITALS**

6. The United States filed a second amended complaint against defendants bringing civil claims for alleged violations of the Controlled Substances Act, 21 U.S.C. §§ 842(a)(1), 842(c)(1)(A), 843(f), 882(a), 829(a); 21 C.F.R. § 1306.04(a); causing the submission of false claims to Medicare and other federal healthcare programs, and conspiring with others to do so, in violation of the False Claims Act, 31 U.S.C. § 3729; related common law claims of payment by mistake and unjust enrichment; and for forfeiture, pursuant to 21 U.S.C. § 881(a)(6) and 18

[1] This Stipulated Order and Consent Judgment does not address the legal exposure of defendants Todd Goodman, Eric Pestrack, and Lee Kamp. Those defendants are not a party to this Stipulated Order and Consent Judgment, the United States does not release their legal liability here, and the litigation against them remains ongoing.

U.S.C. § 981(a)(1)(C), for violations of 21 U.S.C. § 841 and 18 U.S.C. § 1347. (ECF Doc. No. 23). In particular, the United States alleged that defendants:

a. Count 1 – unlawfully dispensed and distributed controlled substances between January 27, 2017, and January 27, 2022, in violation of 21 U.S.C. §§ 829 and 842(a)(1);

b. Counts 2-3 – knowingly presented and caused the presentation of, and conspired to present and cause the presentation of, false and fraudulent claims for payment or approval to the United States, in the form of claims for drugs not dispensed to Medicare, Medicaid, Tricare, and to the Federal Employees Health Benefits Program (FEHBP), and in the form of claims for controlled substances dispensed, in violation of 21 U.S.C. § 829, between January 27, 2016, and January 27, 2022, in violation of 31 U.S.C. § 3729(a)(1)(A). The United States alleged that this improper dispensing and billing caused the submission of false claims to the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395lll ("Medicare"); the Medicaid Program, 42 U.S.C. §§ 1396-1396w 5 ("Medicaid"); the TRICARE Program, 10 U.S.C. §§ 1071-1110b ("TRICARE"); and the Federal Employees Health Benefits Program ("FEHBP"), 5 U.S.C. §§ 8901-8914, which paid for the improper drugs described in the second amended complaint;

c. Counts 4-5 – between January 27, 2016 and January 27, 2022, engaged in conduct that led the United States to improperly pay, and led to the defendants being unjustly enriched by, claims to these federal health care programs for drugs not dispensed; and

d. Count 6 – knowingly and intentionally dispensed oxycodone and other Schedule II controlled substances, outside the usual course of professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1); and knowingly and willfully executed a scheme to defraud healthcare benefit programs, and to obtain money and property of

healthcare benefit programs by means of false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for healthcare benefits, items, and services, in violation of 18 U.S.C. § 1347, between June 1, 2017 and January 27, 2022.

7. The conduct described in paragraph 6, as fully outlined in the second amended complaint, is referred to as the "Covered Conduct."

8. Defendants agree to waive service of the complaint, amended complaint, second amended complaint, and summons.

9. To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Stipulated Order and Consent Judgment, the Parties agree and covenant as follows:

**TERMS AND CONDITIONS**

NOW, THEREFORE, in consideration of the mutual promises, covenants, and obligations set forth below, and for good and valuable consideration as stated herein, the Parties agree as follows:

10. In satisfaction of their False Claims Act liability, defendants consent to the entry of judgment against them and in favor of the United States of America in the amount of $1,209,329.40 (one million two hundred nine thousand three hundred twenty nine dollars and forty cents), and interest at a rate of 1.5% per annum from May 17, 2022, of which $403,109.80 (four hundred three thousand one hundred nine dollars and eighty cents) is restitution ("the FCA settlement amount" or "FCA judgment debt").

a. The FCA settlement amount is a debt to the United States as defined in the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §§ 3001-08, and nothing in this Stipulated Order and Consent Judgment precludes the

United States from taking action to collect the debt as authorized by law. The United States agrees to waive pre-judgment interest on this debt.

b. Defendants shall pay the FCA settlement amount to the United States no later than fourteen days after the Court's entry of this Stipulated Order and Consent Judgment.

c. The payments shall be wired to the United States Department of Justice according to instructions to be provided by the U.S. Attorney's Office.

d. Defendants shall notify the United States Attorney's Office, in writing, within thirty days of any change of address until the FCA judgment debt is paid in full by mailing the notice to undersigned counsel at the United States Attorney's Office, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106-4476.

11. In satisfaction of their civil monetary penalty liability under the Controlled Substances Act, 21 U.S.C. § 842(a)(1), defendants consent to the entry of judgment against them and in favor of the United States of America in the amount of $2,900,342.60 (two million nine hundred thousand three hundred forty two dollars and sixty cents), and interest at a rate of 1.5% per annum from May 17, 2022, none of which is restitution ("the CSA settlement amount" or "CSA judgment debt"). Defendants shall satisfy the CSA settlement amount by fully satisfying their obligations of forfeiture outlined in paragraph 12. If defendants do not satisfy this CSA judgment debt in the fourteen days provided by this Stipulated Order and Consent Judgment, the United States shall be entitled to a separate judgment and debt for this Controlled Substances Act civil penalty liability.

12. Defendants consent to the forfeiture to the United States of $2,900,342.60 in United States currency, none of which is restitution, on the following terms and conditions:

a. Defendants agree to pay the United States $2,900,342.60 in United States currency (hereinafter "Defendant Currency"). Defendants shall receive a credit toward the $2,900,342.60 for the $116,000.00 in criminal forfeiture, once paid, in the related criminal matter involving defendant Mitchell Spivack.

b. Defendants agree that the Defendant Currency constitutes proceeds traceable to moneys, negotiable instruments, securities, or other things of value, furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act, 21 U.S.C. § 841, and property that constitutes and is derived from proceeds traceable to violations of 18 U.S.C. § 1347.

c. Defendants shall wire the Defendant Currency to the U.S. Marshals Service no later than fourteen days after the Court approves this Stipulated Order and Consent Judgment. The United States will provide the defendants the wire instructions.

d. Defendants agree to forfeit their right, title and interest in the Defendant Currency, and to release all claims that they may have to the Defendant Currency.

e. As soon as practicable, the United States shall seek civil forfeiture of the Defendant Currency pursuant to 21 U.S.C. § 881(a)(6), and 18 U.S.C. § 981(a)(1)(C). Defendants will not oppose forfeiture of the Defendant

Currency. In particular, defendants shall not file any claims, answers, other responsive pleading, or petitions for remission against any civil complaint that the United States may file to forfeit the Defendant Currency. Defendants also agree that they shall not assist any other party in filing any claim, answer, responsive pleading, or petition for remission asserting any interest in or contesting the forfeiture of the Defendant Currency.

f. Defendants agree and understand that all right, title, and interest, including any right, title, and interest of the defendants and their corporations, officers, employees, partners, agents, and/ or assigns, in the Defendant Currency is extinguished, and title to the Defendant Currency shall vest with the United States of America.

g. Defendants shall notify the United States Attorney's Office, in writing, within thirty days of any change of address until the Defendant Currency is completely forfeited by mailing the notice to the undersigned counsel at the United States Attorney's Office, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106.

h. Defendants will execute all necessary documents to permit the United States to forfeit the Defendant Currency, under this agreement, and, to the extent practicable, agree to cooperate with the government in any proceeding involving possible third party claims filed against the Defendant Currency, including, but not limited to, forfeiting additional property equal in value to any funds claimed by third parties.

i. Defendants hereby waive all time limits set forth in 18 U.S.C. § 983 and any claim to further notice of forfeiture.

j. The parties shall bear their respective attorneys' fees and costs, and defendants specifically waive any claim for attorneys' fee and costs under 28 U.S.C. § 2465(b)(1)(A).

13. Defendants shall be permanently prevented from prescribing, distributing, or dispensing any controlled substances, under their prior DEA registration or any other DEA registration, and defendants shall never seek the renewal, reinstatement, or apply for a new controlled substance registration from the DEA.

**RELEASE OF CLAIMS**

14. In consideration of full and timely performance of the obligations provided in the Stipulated Order and Consent Judgment, including full payment of the FCA settlement amount, the CSA settlement amount, the Defendant Currency, plus interest due, and the promises and representations in paragraph 13, and subject to the exceptions in paragraph 18 (concerning excluded claims) below, the United States releases and discharges defendants from any civil or administrative monetary claim the United States has for the Covered Conduct under the Controlled Substances Act, 21 U.S.C. §§ 842(a)(1), 842(c)(1)(A), 829(a), and the related regulations; the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; the common law theories of payment by mistake, unjust enrichment, and fraud; and forfeiture under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

15. The United States may record a judgment lien against defendants to secure payment of the consent judgment. The proceeds from the sale of any real estate in which defendants have an interest may be used to satisfy a portion or all of the judgment.

16. Voluntary Exclusion

a. In compromise and settlement of the rights of the Office of Inspector General for the U.S. Department of Health and Human Services (OIG-HHS) to exclude Mitchell Spivack pursuant to 42 U.S.C. §§ 1320a-7(a) and 1320a-7(b)(7), based upon the Covered Conduct and Mitchell Spivack's May 29, 2022 guilty plea to a felony violation of 18 U.S.C. § 371, conspiracy to defraud the United States, in the Eastern District of Pennsylvania, Mitchell Spivack agrees to be excluded under these statutory provisions from Medicare, Medicaid, and all other Federal health care programs, as defined in 42 U.S.C. § 1320a-7b(f), for a period of 22 years. The exclusion shall be effective upon the date of the Court's entry of this Stipulated Order and Consent Judgment.

b. In compromise and settlement of the rights of OIG-HHS to exclude Verree pursuant to 42 U.S.C. §1320a-7(b)(7), based upon the Covered Conduct, Verree agrees to be excluded under this statutory provision from Medicare, Medicaid, and all other Federal health care programs, as defined in 42 U.S.C. § 1320a-7b(f), for a period of 22 years. The exclusion shall be effective upon the date of the Court's entry of this Stipulated Order and Consent Judgment.

c. Such exclusions shall have national effect. Federal health care programs shall not pay anyone for items or services, including administrative and management services, furnished, ordered, or prescribed by Verree or Mitchell Spivack in any capacity while Verree and Mitchell Spivack are

excluded. This payment prohibition applies to Verree and Mitchell Spivack and all other individuals and entities (including, for example, anyone who employs or contracts with Verree or Mitchell Spivack, and any hospital or other provider where Verree or Mitchell Spivack provide services). The exclusions apply regardless of who submits the claim or other request for payment. Violation of the conditions of the exclusions may result in criminal prosecution, the imposition of civil monetary penalties and assessments, and an additional period of exclusion. Verree and Mitchell Spivack further agree to hold the Federal health care programs, and all federal beneficiaries and/or sponsors, harmless from any financial responsibility for items or services furnished, ordered, or prescribed to such beneficiaries or sponsors after the effective date of the exclusions. Verree and Mitchell Spivack waive any further notice of the exclusions and agree not to contest such exclusions either administratively or in any state or federal court.

d. Reinstatement to program participation is not automatic. If Verree or Mitchell Spivack wish to be reinstated, they must submit a written request for reinstatement to the OIG-HHS in accordance with the provisions of 42 C.F.R. §§ 1001.3001-.3005. Such requests may be made to the OIG-HHS no earlier than 120 days prior to the expiration of the 22-year period of exclusion. Reinstatement becomes effective upon application by Verree and Mitchell Spivack, approval of the application by the OIG-HHS, and notice of reinstatement by the OIG-HHS. Obtaining another license,

moving to another state, or obtaining a provider number from a Medicare contractor, a state agency, or a Federal health care program does not reinstate Verree's or Mitchell Spivack's eligibility to participate in these programs.

17. Should defendants fail to comply with the terms set forth above, any of the following may occur in the discretion of the United States:

a. The balance of the judgment shall immediately become due and payable, and the United States may proceed with administrative and judicial remedies to enforce this Stipulated Order and Consent Judgment, upon notice to defendants utilizing all legal remedies available to them, including the Federal Debt Collection Procedures Act (FDCPA). No further order of the Court shall be required for the United States to pursue those remedies. Notice shall be sufficient upon mailing by first class mail, postage prepaid, to defendants;

b. The United States may declare this Stipulated Order and Consent Judgment violated and proceed against defendants, either for enforcement of the Stipulated Order and Consent Judgment through the Court including contempt remedies, or by seeking to litigate the Covered Conduct. Defendants agree not to plead, argue, or otherwise raise any defense under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that: (a) are filed by the United States within 30 calendar days of written notification to defendants that the action will be initiated; and (b) relate to the Covered Conduct, or enforce

this Stipulated Order and Consent Judgment, except to the extent those defenses were available on the date of the Court's entry of this Stipulated Order and Consent Judgment;

c. The United States may exercise any other right granted by law or recognizable at common law or equity; and

d. In the event the United States prevails in seeking to enforce any term of this Stipulated Order and Consent Judgment, the United States shall be entitled to an award of attorney fees and costs in its favor and against defendants for the time spent in prosecuting such action, the hourly rate for which shall be calculated in accordance with the applicable Community Legal Services of Philadelphia Fee Schedule.

18. Notwithstanding the release given in Paragraph 14 of this Stipulated Order and Consent Judgment, or any other term of this Stipulated Order and Consent Judgment, the following claims and rights of the United States are specifically reserved and are not released:

a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b. Any criminal liability;

c. Except as explicitly stated in this Stipulated Order and Consent Judgment, any administrative liability to a federal agency, including mandatory exclusion from Federal health care programs;

d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e. Any liability based upon obligations that this Stipulated Order and Consent Judgment creates; and

f. Any liability of any individuals other than defendant Mitchell Spivack.

19. Defendants waive and shall not assert any defenses that they may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulated Order and Consent Judgment bars a remedy sought in such criminal prosecution or administrative action.

**MISCELLANEOUS PROVISIONS**

20. Defendants have provided Financial Information to the United States, and the United States has relied on the accuracy and completeness of that Financial Information in reaching this Stipulated Order and Consent Judgment. Defendants warrant that the Financial Information is complete, truthful, and accurate. If the United States learns of any misrepresentation in the Financial Information, or of assets in which defendants had an interest at the time of this Agreement that were not disclosed in the Financial Information, and if such nondisclosure or misrepresentation changes the stated net income set forth in the Financial Information by $50,000 or more or the value of the stated assets set forth in the Financial Information by 5% or more, the United States may at its option: (i) rescind this Stipulated Order and Consent Judgment and proceed against defendants by filing suit based on the Covered Conduct, pursuant to paragraph 17.b., or (ii) let the Stipulated Order and Consent Judgment stand and collect the full FCA settlement amount, CSA settlement amount, and Defendant Currency discussed above plus one hundred percent (100%) of the value of the net income or assets that were previously not disclosed, pursuant to paragraph 17.a. Defendants agree not to contest any collection action undertaken by the United States pursuant to this provision, and immediately to

pay the United States all reasonable costs incurred in such action, including attorney's fees and expenses.

21. Defendants, individually and as representative of Spivack, Inc., fully and finally release the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that defendants have asserted, could have asserted, or may assert in the future against the United States, and its agencies, officers, agents, employees, and servants related to the Covered Conduct and the United States' investigation and prosecution thereof.

22. The Stipulated Order and Consent Judgment shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (*e.g.*, Medicare Administrative Contractor, fiscal intermediary, carrier), TRICARE, FEHBP carrier or payer, or any state payer, related to the Covered Conduct; and defendants agree not to resubmit to any Medicare contractor, TRICARE, FEHBP carrier or payer, or any state payer any previously denied claims related to the Covered Conduct, agree not to appeal any such denials of claims, and agree to withdraw any such pending appeals.

23. Defendants agree to the following:

a. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395lll and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of defendants, their present or former officers, directors, employees, shareholders, and agents, in connection with:

i. the matters covered by this Stipulated Order and Consent Judgment and any related plea agreement;

ii. the United States' audit(s) and investigation(s) of the matters covered by this Stipulated Order and Consent Judgment;

iii. Defendants' investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and investigation(s) in connection with the matters covered by this Stipulated Order and Consent Judgment (including attorneys' fees);

iv. the negotiation and performance of this Stipulated Order and Consent Judgment and any related plea agreement; and

v. the payment defendants make to the United States pursuant to this Stipulated Order and Consent Judgment

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as Unallowable Costs).

b. Future Treatment of Unallowable Costs: Unallowable Costs shall be separately determined and accounted for by defendants, and defendants shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by defendants to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

c. Treatment of Unallowable Costs Previously Submitted for Payment: Defendants further agree that within 90 days of the Effective Date of this Agreement they shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph)

included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by defendants, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the unallowable costs. Defendants agree that the United States, at a minimum, shall be entitled to recoup from defendants any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by defendants or any of their subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this paragraph) on defendants or any of their subsidiaries or affiliates' cost reports, cost statements, or information reports.

d. Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine defendants' books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this paragraph.

24. Defendants agree to cooperate fully and truthfully with the United States' investigation of individuals and entities not released in this Stipulated Order and Consent Judgment. Upon reasonable notice, defendants shall encourage, and agree not to impair, the cooperation of their directors, officers, and employees, and shall use their best efforts to make available, and encourage, the cooperation of former directors, officers, and employees for

interviews and testimony, consistent with the rights and privileges of such individuals. Defendants further agree to furnish to the United States, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in their possession, custody, or control concerning any investigation of the Covered Conduct that they have undertaken, or that has been performed by another on their behalf.

25. This Stipulated Order and Consent Judgment is intended to be for the benefit of the United States and defendants Spivack, Inc. and Mitchell Spivack only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 26 (waiver for beneficiaries paragraph), below.

26. Defendants agree that they waive and shall not seek payment for any of the health care billings covered by this Stipulated Order and Consent Judgment from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

27. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Stipulated Order and Consent Judgment, except as provided in paragraph 17.d.

28. Each Party and signatory to this Stipulated Order and Consent Judgment represents that it freely and voluntarily enters into this Stipulated Order and Consent Judgment without any degree of duress or compulsion.

29. This Stipulated Order and Consent Judgment is governed by the laws of the United States. The United States District Court for the Eastern District of Pennsylvania shall retain exclusive jurisdiction in this case to enforce the terms of this Stipulated Order and Consent Judgment. For purposes of construing this Stipulated Order and Consent Judgment, this

Stipulated Order and Consent Judgment shall be deemed to have been drafted by all Parties to this Stipulated Order and Consent Judgment and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

30. This Stipulated Order and Consent Judgment constitutes the complete agreement between the Parties. The Stipulated Order and Consent Judgment may not be amended without further order of the Court.

31. The undersigned counsel represent and warrant that they are fully authorized to execute this Stipulated Order and Consent Judgment on behalf of the persons and entities indicated below.

32. This Stipulated Order and Consent Judgment may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulated Order and Consent Judgment.

33. This Stipulated Order and Consent Judgment is binding on defendants' successors, transferees, heirs, and assigns.

34. All Parties consent to the United States' disclosure of this Stipulated Order and Consent Judgment, and information about this Stipulated Order and Consent Judgment, to the public.

Respectfully submitted,

/s/ Nelson S.T. Thayer, Jr. for
JACQUELINE C. ROMERO
United States Attorney

/s/ Gregory B. David
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

/s/ Charlene Keller Fullmer
CHARLENE KELLER FULLMER
Assistant United States Attorney
Deputy Chief, Civil Division

SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and Financial Litigation

/s/ Anthony D. Scicchitano
ANTHONY D. SCICCHITANO
Assistant United States Attorney
615 Chestnut St., Ste. 1250, Phila., PA
(215) 861-8380
anthony.scicchitano@usdoj.gov

JULIANNE X. DUNPHY
Acting Diversion Program Manager
Drug Enforcement Administration
Philadelphia Field Division

MITCHELL SPIVACK
*Individually and on Behalf of Defendants Spivack, Inc. and $2,900,342.60*

MICHAEL A. SCHWARTZ, Esq.
Troutman Pepper Hamilton Sanders LLP
3000 Two Logan Square, 18th & Arch Streets
Philadelphia, PA 19103
(215) 981-4494
Michael.Schwartz@Troutman.com

*Counsel for Defendants Mitchell Spivack, Spivack, Inc. d/b/a Verree Pharmacy, and $2,900,342.60*

Dated: July 29, 2022

Lisa M. Re/RMP 8/9/2022
LISA M. RE
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General
Office of Inspector General
U.S. Dept. of Health and Human Services

______________________________
SALVATORE M. MAIDA
General Counsel
Defense Health Agency
United States Department of Defense

______________________________
EDWARD M. DEHARDE
Deputy Associate Director of Federal
Employee Insurance Operations,
Healthcare and Insurance
U.S. Office of Personnel Management

______________________________
PAUL ST. HILLAIRE
Assistant Inspector General for Legal &
Legislative Affairs
Office of the Inspector General
U.S. Office of Personnel Management

Dated: August 11, 2022

______________________
LISA M. RE
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General
Office of Inspector General
U.S. Dept. of Health and Human Services

BLEY.PAUL.NICHOLAS.1099873821 Digitally signed by BLEY.PAUL.NICHOLAS.1099873821 Date: 2022.07.31 09:25:00 -04'00'
______________________
for SALVATORE M. MAIDA
General Counsel
Defense Health Agency
United States Department of Defense

______________________
EDWARD M. DEHARDE
Deputy Associate Director of Federal
Employee Insurance Operations,
Healthcare and Insurance
U.S. Office of Personnel Management

______________________
PAUL ST. HILLAIRE
Assistant Inspector General for Legal &
Legislative Affairs
Office of the Inspector General
U.S. Office of Personnel Management

Dated: August 11, 2022

__________________________
LISA M. RE
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General
Office of Inspector General
U.S. Dept. of Health and Human Services

__________________________
SALVATORE M. MAIDA
General Counsel
Defense Health Agency
United States Department of Defense

EDWARD DEHARDE
Digitally signed by EDWARD DEHARDE
Date: 2022.08.04 17:46:53 -04'00'

EDWARD M. DEHARDE
Deputy Associate Director of Federal
Employee Insurance Operations,
Healthcare and Insurance
U.S. Office of Personnel Management

PAUL ST HILLAIRE
Digitally signed by PAUL ST HILLAIRE
DN: c=US, o=U.S. Government, ou=Office of Personnel Management, cn=PAUL ST HILLAIRE, 0.9.2342.19200300.100.1.1=24001000034787
Date: 2022.08.04 21:24:13 -04'00'

PAUL ST. HILLAIRE
Assistant Inspector General for Legal &
Legislative Affairs
Office of the Inspector General
U.S. Office of Personnel Management

Dated: August 11, 2022

BY THE COURT:

SO ORDERED, THIS _____ day of __________________, 2022.

______________________________
**KEARNEY, J.**